Mr. Buisson:
Your request for an Attorney General Opinion concerning LSA-R.S.22:1065.1, which provides for a two percent premium bond fee collection and remittance, has been forwarded to me for research and reply. Your questions are as follows:
1) Is the two percent fee on bonds issued on arrests made by Jennings Police Department collectible in the case of offenses to be prosecuted in District Court? If so, who has authority and/or obligation to collect the fee? To whom should the fee be remitted?
2) Is the two percent bond fee on bonds issued on arrests made by City Police of the City of Jennings collectible in the case of offenses to be prosecuted in City Court? If so, who has authority and/or obligation to collect the fee? To whom should the fee be remitted?
The statute in question provides:
 A. There shall be a fee on premium for all commercial surety underwriters who write criminal bail bonds in the State of Louisiana. That fee shall be equal to two dollars for each one hundred dollars worth of liability underwritten by the commercial surety. Except as authorized under the provisions of R.S. 13:718(I)(2), this shall be the exclusive fee or tax on any criminal bail bond premium, including thereto premium taxes owed. In furtherance of the payment of this premium fee all commercial surety underwriting criminal bail bonds in the State of Louisiana shall, upon submitting the appearance bond and their power of attorney, simultaneously pay to the sheriff of the parish a fee of two dollars for each one hundred dollars worth of liability on the bail bond being presented for the release of a person on bail. Failure to pay the fee shall prevent the sheriff from accepting the appearance bond and power of attorney. In the event a surety or agent of the surety presents payment of the fee by an instrument which is returned for insufficient funds, the agent or the agent of the surety shall be prevented from presenting the appearance bonds with their power of attorney attached until the outstanding fees are paid to the sheriff.
 B. All premium fees collected by the sheriff shall be remitted within sixty days after receipt as follows:
 (1) Twenty-five percent to the judicial court fund or its equivalent; in the parish of Orleans, to the judicial administrator for the Criminal District Court.
 (2) Twenty-five percent to the sheriff's general fund.
 (3) Twenty-five percent to the district attorney's operating fund.
 (4) Twenty-five percent to the Indigent Defenders Program.
Your questions address two particular instances.
First, there are the arrests made by the city police department, that are prosecuted in district court. Second, there are the arrests made by the city police department, that are prosecuted incity court. In both instances the pertinent question is whether these scenarios have any bearing on the collection/remittance of the aforementioned fee.
From the plain language of LSA-R.S. 22:1065.1, the statute does not contemplate either of these instances. It is the opinion of the Attorney General that the bond fee should be collected and remitted by the sheriff of each parish, for a number of reasons.
First, there is no mention of payment to any authority other than the sheriff. This is, of course, a strict reading of LSA-R.S.22:1065.1 which gives rise to the second reason the sheriff only is authorized under the statute to collect this fee, which is legislative intent. It seems very unlikely that the legislature would have amended such a statute so extensively and fail to take into consideration the scenarios you have described. Third, and similar to intent, is the legislative history of the statute. Act1080 of 1999 arose as House Bill No. 1093 by Representative McCain during the 1999 regular session. The amendment clarified the statute and restructured the collection/remittance of the bond fee premium. Prior to amendment, the fees were collected by the Commissioner of Insurance and then remitted quarterly to district attorneys for each corresponding parish (Orleans Parish excluded). Then, according to LSA-R.S. 1065.1B(1-4) the district attorney would distribute the funds appropriately in each parish. The amendment takes the Commissioner of Insurance and the district attorneys out of the loop, so that now the fees are collected and remitted directly by the sheriff of each parish. This is a more sensible and efficient approach. However, even before the amendment, there was no contemplation that courts were to collect or remit arrest bonds. It is clear that the statute was always intended to return the two percent bond fee to the parish, irrespective of whether the arrests were made by parish or city law enforcement and irrespective of whether the defendants were prosecuted in district or city court. The only thing that changes with the amendment is that there is no longer a requirement that the funds go through the Commissioner of Insurance and the district attorney. The funds simply remain in each parish.
In conclusion, it is the opinion of this office that the sheriff's authority, in collecting/remitting the two percent premium bond fee, is granted by LSA-R.S. 1065.1 regardless of whether the offense is prosecuted in city or district court and regardless of the agency making the arrest.
If this office can be of further assistance, please feel free to contact us. With warmest regards, I remain,
Sincerely,
 RICHARD P. IEYOUB Attorney General
 By: _______________________ Ann Evans Wall Assistant Attorney General